**BURLINGTON MILLS CORPORATION,** Plaintiff-Appellee, v. ROY FABRICS, Inc., et al., Defendants-Appellants.

No. 249, Docket 21705.

United States Court of Appeals Second Circuit.

Argued June 19, 1950.

Decided June 19, 1950.

Before AUGUSTUS N. HAND, and FRANK, Circuit Judges, and GODDARD, District Judge.

Abraham Wilson and Kadel & Wilson, New York City, for defendants-appellants.

Leon Lauterstein, and Lauterstein & Lauterstein, New York City, for plaintiff-appellee.

PER CURIAM.

Order D.C., 91 F.Supp. 39, affirmed in open court.

**UNITED STATES** ex rel. Ellen KNAUFF, Relator-Appellant, v. J. Howard McGRATH, Atty. Gen., and Edward J. Shaugnessy, as District Director of the Immigration & Naturalization Service of the New York District, and to whomsoever may have the custody of the body of Ellen Knauff, Respondents-Appellee.

No. 241, Docket 21683.

United States Court of Appeals Second Circuit.

Argued May 9, 1950.

Decided May 16, 1950.

Gunther Jacobson, New York City, for relator-appellant.

Irving H. Saypol, New York City (Myles J. Lane and William J. Sexton, New York City of counsel; Louis Steinberg and Lester Friedman, Immigration and Naturalization, New York City, Service), for respondents-appellees.

Before SWAN, AUGUSTUS N. HAND and CHASE, Circuit Judges.

PER CURIAM.

Order affirmed on opinion below.[1]

**Abraham LENOBLE,** Bankrupt-Appellant, v. Margaret KANE, now known as Margaret Halpin, as Administratrix of the goods, chattels and credits of Bernard Kane, deceased, Objecting Creditor-Appellee.

No. 238, Docket 21675.

United States Court of Appeals Second Circuit.

Submitted June 6, 1950.

Decided June 23, 1950.

See also 79 F.Supp. 457.

David Krause, New York City, Jacob W. Friedman, New York City, of counsel, for Abraham Lenoble, bankrupt-appellant.

Samuel Komoroff, New York City, Harry Malter, New York City, of counsel; Phillip L. Winter, New York City, on the brief, for Margaret Kane, objecting creditor-appellee.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

PER CURIAM.

Affirmed on the ground that the disposition of the proceeding by the referee and the court below is clear in view of the terms of the statute. See United States v. Lynch, 7 Cir., 180 F.2d 696.

1. No opinion for publication.